COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:          Anthony Joseph Stento v. The State of Texas

Appellate case number:     01-17-00164-CR

Trial court case number:    11-DCR-057078

Trial court:                          168th District Court of Fort Bend County

The complete record was filed in this appeal on April 17, 2017. Appellant's brief was due on May 17, 2017. *See* TEX. R. APP. P. 38.6(a). On June 27, 2017, we abated the appeal and remanded the case to the trial court based on appointed counsel's failure to file a brief. The trial court held a hearing and signed findings of fact, including findings that appellant's appointed counsel, Julia Bella, "wish[ed] to remain as the appellate attorney and [had] prepared the brief." We then reinstated the appeal and directed appellant to file a brief no later than October 9, 2017. On October 17, 2017, the Clerk of this Court notified appellant that the time for filing his brief had expired and, unless the Court received appellant's brief or a motion to extend time by October 27, 2017, the Court would be required to order the trial court to conduct a hearing pursuant to rule 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3). Appellant has not filed a brief or responded to this Court's notice.

Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Fort Bend County District Attorney's Office and appellant's counsel, Julia Bella, shall be present. TEX. R. APP. P. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

1    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney

The trial court is directed to:

(1) determine whether appellant wishes to prosecute the appeal;

(2) if appellant wishes to prosecute the appeal, determine whether good cause exists to relieve Julia Bella of her duties as appellant's counsel;

(3) if good cause exists, enter a written order relieving Julia Bella of her duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

(4) if good cause does not exist, set a date when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2016); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature:  /s/ Terry Jennings

☑ Acting individually     ☐ Acting for the Court


Date: November 21, 2017


representing the State.